**Sergio Alberto CAMPOS–FRANCO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**Nos. 04–75210, 05–71162.**

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Filed July 28, 2006.

Robert L. Lewis, Esq., Law Office of Robert L. Lewis, Oakland, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, Michelle G. Latour, Surell Brady, US Department of Justice, Washington, DC, for Respondent.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM **

Sergio Alberto Campos–Franco, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals'

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

**576**

("BIA") order affirming, without opinion, an immigration judge's decision denying his application for cancellation of removal, and the BIA's order denying his motion to reopen removal proceedings. We dismiss the petition for review.

We lack jurisdiction to review the BIA's discretionary determination that Campos–Franco failed to show exceptional and extremely unusual hardship. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 890 (9th Cir.2003).

The evidence Campos–Franco presented with his motion to reopen concerned the same basic hardship grounds as his application for cancellation of removal. *See Fernandez v. Gonzales,* 439 F.3d 592, 602–03 (9th Cir.2006). We therefore lack jurisdiction to review the BIA's discretionary determination that the evidence would not alter its prior discretionary determination that he failed to establish the requisite hardship. *See id.* at 600 (holding that 8 U.S.C. § 1252(a)(2)(B)(i) bars this court from reviewing the denial of a motion to reopen where "the only question presented is whether [the] new evidence altered the prior, underlying discretionary determination that [the petitioner] had not met the hardship standard.") (Internal quotations and brackets omitted).

Campos–Franco's contention that the BIA's denial of his motion violated his due process rights does not amount to a colorable due process claim. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005) ("[t]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.").

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

PETITIONS FOR REVIEW DISMISSED.